## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAJUANA THOMPSON,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC. and PROGRESSIONS COMPANIES, INC.** <br><br> **Defendants.** | **EDPA NO.: 5:18-CV-00058-JP** |

### DEFENDANTS' MOTION TO DISMISS

For the reasons articulated in the attached Memorandum of Law, Defendants hereby request that this Honorable Court dismiss Plaintiff's Complaint by entry of an Order in the form attached.

By: _____/s/ Susan M. Valinis_____
Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rjm-law.com
Leah A. Lewis, Esquire
Identification No. 311566
llewis@rjm-law.com
Reilly, Janiczek, McDevitt,
Henrich & Cholden, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA  19107
Tel (215) 972-5200
Attorneys for Defendant Progressions
Behavioral Health Services, Inc.

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAJUANA THOMPSON,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC. and PROGRESSIONS COMPANIES, INC.<br><br>Defendants. | EDPA NO.: 5:18-CV-00058-JP |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Susan M. Valinis, Esquire
Identification No. 86685
svalinis@rjm-law.com
Leah A. Lewis, Esquire
Identification No. 311566
llewis@rjm-law.com
Reilly, Janiczek, McDevitt,
Henrich & Cholden, P.C.
The Widener Building, Suite 410
One South Penn Square
Philadelphia PA 19107
Tel (215) 972-5200
Attorneys for Defendant Progressions
Behavioral Health Services, Inc.

**Table of Contents**

I.   Introduction …………………………………………………………………..1

II.  Factual Background …………………………………………………………….2

III. Legal Argument ………………………………………………………………2

    A.   Rule 12(b)(6) Motion to Dismiss Standard…………………………..2

    B.   Plaintiff's FLSA Claims for Misclassification Must Be Dismissed as Insufficiently Pled………………………………..……………………....3

    C.   Plaintiff's Claim Against Progressions Companies, Inc. Must Be Dismissed as Insufficiently Pled …………………………………….4

    D.   Plaintiff's Claims Under the WPCL Must be Dismissed as Insufficiently Pled …………………………………………………….5

IV.  Conclusion ……………………………………………………………………..5

## Table of Authorities

**Page(s)**

**Cases**

**Ashcroft v. Iqbal**, 556 U.S. 662, 679 (2009) ............................................................................... 2

**Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 555 (2007) ................................................................ 2

**Phillips v. County of Allegheny**, 515 F. 3d 225, 233 (3d Cir. 2008) ............................................ 2

**Fowler v. UPMC Shadyside**, 578 F. 3d 203, 210-11 (3d Cir. 2009) ............................................ 3

**Holmes v. Gates**, 403 F. App'x 670, 673 (3d Cir. 2010) .............................................................. 3

**Davis v. Abington Mem. Hosp.**, 765 F. 3d 236 (3d Cir. 2014) ..................................................... 3

**DeAscensio v. Tyson Foods, Inc.**, 342 F. 3d 301, 305-06 (3d Cir. 2003) ..................................... 3

**Genesis Healthcare Group v. Symczyk**, 133 S. Ct. 1523, 1527 (2013) ........................................ 3

**Rosario v. First Student Mgmt.**, 247 F. Supp. 3dd 560 (E.D.Pa. 2018) (Stengel, J.) ...........3, 4, 5

**Statutes/Rules**

**29 U.S.C. § 255** ............................................................................................................................. 4

**FED. R. CIV. P. 8** ........................................................................................................................... 2

I. **Introduction**

Plaintiff, Majuana Thompson, purports to represent a collective and/or class of employees aggrieved under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("MWA") and the Pennsylvania Wage Payment and Collection Law ("WPCL").

Progressions Behavioral Health Services, Inc. and Progressions Companies, Inc. ("Progressions") hereby move to dismiss Plaintiffs' Complaint as:

1. The pleading lacks factual content sufficient to demonstrate an actionable violation of the FLSA;

2. No factual content suffices to state a claim against Progressions Companies, Inc.; and,

3. Plaintiff fails to identify a contract as required under the WPCL.

II. **Factual Background**

Jurisdiction in this Court is claimed solely on the basis of the FLSA. DN 1, ¶¶ 4 to 7. Supplemental jurisdiction is claimed over the state law claims as arising out of the same operative facts as the FLSA claims. Id.

According to the Complaint, during her continuing employment as an Outpatient Therapist with Progressions Behavioral Health Services, Inc., Defendant failed to pay Plaintiff overtime due to the misclassification of her position as an independent contractor. See, DN 1, ¶ 2 and 11.

The Complaint alleges that "[f]or the first several years of Plaintiff's employment, Defendants classified its Outpatient Therapists as independent contractors, rather than employees." See, DN 1, ¶ 56. The Complaint then states "Defendants reclassified its Outpatient Therapists from independent contractors to employees on different dates depending on their office location between July 2014 and April 2016." Id. at ¶ 57. The Complaint contains no

averment stating when Plaintiff herself was actually reclassified as an employee. <u>See generally</u>, DN 1.

The Complaint also fails to include factual content to support the threadbare assertions that Progressions Companies, Inc. is Plaintiff's employer. <u>See generally</u>, DN 1. Despite improperly referencing the entities collectively, specific to Progressions Companies, Inc., the Complaint only factually alleges that "Progressions Companies, Inc. owns and operates Defendant Progressions Behavioral Health Services, Inc." <u>See</u>, DN 1, ¶ 9. The Complaint then asserts that "Progressions Behavioral Health Services, Inc. and Progressions Companies, Inc. are a joint, single and/or integrated employer with respect to employees of Progressions Behavioral Health Service, Inc." <u>See</u>, DN 1, ¶ 11.

The Complaint does not identify any contract governing Plaintiff's employment. <u>See generally</u>, DN 1.

### III. **LEGAL ARGUMENT**

#### A. **Rule 12(b)(6) Motion to Dismiss Standard**

The United States Supreme Court has established a two-part test to determine whether to grant a motion to dismiss. <u>See</u>, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). First the court must ascertain whether the complaint is supported by well-pleaded factual allegations. <u>Iqbal</u>, 566 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Twombly</u>, 550 U.S. at 555. In turn, these factual allegations must be sufficient to provide a defendant the type of notice contemplated in Rule 8. <u>See</u>, Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of claim showing the pleader is entitled to relief). <u>See also</u>, <u>Phillips v. County of Allegheny</u>, 515 F. 3d 225, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief. Fowler v. UPMC Shadyside, 578 F. 3d 203, 210-11 (3d Cir. 2009). A complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible." Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010). A "plausible" claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable." Davis v. Abington Mem. Hosp., 765 F. 3d 236 (3d Cir. 2014) (*citing* Rule 8(a)(2)).

### B. Plaintiff's FLSA Claims for Misclassification Must Be Dismissed as Insufficiently Pled

Count One of Plaintiffs' Complaint is brought under the FLSA. See generally, DN 1. The FLSA was enacted to "govern the maintenance of standard wage and hour practices." DeAscensio v. Tyson Foods, Inc., 342 F. 3d 301, 305-06 (3d Cir. 2003).The FLSA establishes the federal minimum wage, maximum hour and overtime guarantees to employees. Genesis Healthcare Group v. Symczyk, 133 S. Ct. 1523, 1527 (2013). Employers covered by the FLSA are required to pay their employees "at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per work week, 29 U.S.C. § 207." DeAscensio, 342 F. 3d at 306.

The FLSA requires every named plaintiff to plead an actual FLSA violation. Rosario v. First Student Mgmt., 247 F. Supp. 3dd 560 (E.D.Pa. 2018) (Stengel, J.) (*citing* Davis v. Abington Mem'l Hosp., 765 F. 3d 236 (3d Cir. 2014)). Named plaintiffs in FLSA actions must plead plausible claims. Id. Where the named plaintiff fails to plead an actual FLSA violation, dismissal is required under Rule 12(b)(6). Id.

Plaintiff seeks to state a claim for misclassification of Outpatient Therapists as

3

independent contractors rather than employees. See, DN 1, ¶¶ 56 and 57. In support of this claim, Plaintiff states that Defendant reclassified Outpatient Therapists between July 2014 and April 2016. Id. The Complaint fails to allege the date when Plaintiff herself was actually reclassified. See generally, D.N. 1. This fails to satisfy the burden that a named plaintiff plead an actual FLSA violation. See, Rosario, *supra*.

Even assuming *arguendo* a three year statute of limitations applies, any claim for an alleged misclassification which Defendant corrected prior to January 8, 2015 would be untimely. 29 U.S.C. § 255. Accordingly, to show an actual, actionable violation of the FLSA, Plaintiff must include the date she herself was re-classified as an employee and that she filed her complaint within the applicable statute of limitations. Broadly alleging a period of time that includes claims prohibited by even the largest possible statute of limitations does not suffice to show an actionable violation under the FLSA. See, Rosario, *supra*.

**C. Plaintiff's Claim Against Progressions Companies, Inc. Must Be Dismissed as Insufficiently Pled**

Plaintiff's Complaint also fails to include facts to support the threadbare assertion that Progressions Companies, Inc. is Plaintiff's "joint, single and/or integrated employer." See generally, DN 1. Despite improperly referencing the entities collectively, specific to Progressions Companies, Inc., the Complaint only factually alleges that "Progressions Companies, Inc. owns and operates Defendant Progressions Behavioral Health Services, Inc." See, DN 1, ¶ 9. The Complaint then asserts that "Progressions Behavioral Health Services, Inc. and Progressions Companies, Inc. are a joint, single and/or integrated employer with respect to employees of Progressions Behavioral Health Services, Inc., including but not limited to Plaintiffs and Class Plaintiffs." See, DN 1, ¶ 11.

By the Complaint, Plaintiff specifically admits that she is an employee of Progressions Behavioral Health Services, Inc. Id. Factually, Progressions Companies, Inc. is only alleged as the owner Progressions Behavioral Health Services, Inc. See, DN 1, ¶ 9. The Complaint is entirely devoid of any factual content to support the threadbare conclusion that Progressions Companies, Inc. is Plaintiff's "joint, single and/or integrated employer with respect to employees of Progressions Behavioral Health Services, Inc." See generally, DN 1. Accordingly, Progressions Companies, Inc. must be dismissed.

D. **Plaintiff's Claims Under the WPCL Must Be Dismissed as Insufficiently Pled**

The WPCL provides a civil remedy for employees to recover unpaid wages from their employers. See, Rosario, *supra*. The WPCL does not create a right to compensation. Id. The WPCL simply "provides a statutory remedy when the employer breaches a contractual obligation to pay earned wages." Id. The contract between the parties governs in determining whether specific wages are earned. Id. In order to survive a motion to dismiss, a plaintiff must allege a contractual right to claimed wages. Id.

Plaintiff makes several threadbare references to an "agreement" between Plaintiff and Defendant. See, DN 1, ¶¶ 109 and 111. However, Plaintiff never identifies any actual contract existing between Plaintiff and Defendant to support claims under the WPCL. See generally, DN 1. Accordingly, Plaintiff's claim under the WPCL must be dismissed as insufficient as a matter of law. See, Rosario, *supra*.

IV. **CONCLUSION**

Based upon the foregoing, Defendants presently seek to dismiss Plaintiff's Complaint as it lacks sufficient factual content to support (1) an actual actionable claim for misclassification; (2) any claims against Progressions Companies, Inc.; and, (3) a contract existing between Plaintiff and Defendant.

        Respectfully submitted,

        **REILLY, JANICZEK, MCDEVITT HENRICH & CHOLDEN, P.C.**

By:   */s/ Susan M. Valinis*
        Susan M. Valinis, Esquire
        Identification No. 86685
        svalinis@rjm-law.com
        Leah A. Lewis, Esquire
        Identification No. 311566
        llewis@rjm-law.com
        Reilly, Janiczek, McDevitt,
        Henrich & Cholden, P.C.
        The Widener Building, Suite 410
        One South Penn Square
        Philadelphia PA  19107
        Tel (215) 972-5200
        Attorneys for Defendant Progressions Behavioral Health Services, Inc.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAJUANA THOMPSON,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**PROGRESSIONS BEHAVIORAL HEALTH SERVICES, INC. and PROGRESSIONS COMPANIES, INC.**<br><br>**Defendants.** | **EDPA NO.: 5:18-CV-00058-JP** |

## ORDER

**AND NOW**, this day of _____, 2018, upon consideration of Defendants' Motion to Dismiss, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**. Progressions Companies, Inc. is hereby dismissed. Plaintiff must file an Amended Complaint within five (5) days of the entry of this Order.

_____
Hon. John R. Padova

**CERTIFICATE OF SERVICE**

I, Susan M. Valinis, Esquire, hereby certify that a true and correct copy of the foregoing was electronically filed and is available for viewing on the Court's ECF system. All counsel of record will be served via CM/ECF system.

Respectfully submitted,

**REILLY, JANICZEK, MCDEVITT
HENRICH & CHOLDEN, P.C.**

By: ___*/s/ Susan M. Valinis*___
      Susan M. Valinis, Esquire
      Identification No. 86685
      svalinis@rjm-law.com
      Leah A. Lewis, Esquire
      Identification No. 311566
      llewis@rjm-law.com
      Reilly, Janiczek, McDevitt,
      Henrich & Cholden, P.C.
      The Widener Building, Suite 410
      One South Penn Square
      Philadelphia PA  19107
      Tel (215) 972-5200
      Attorneys for Defendant Progressions
      Behavioral Health Services, Inc.